### Gilbert *vs.* Justices of Marshall County.

APPEAL FROM MARSHALL CIRCUIT.

1. The "*ex officio* services," for which it is provided by *art.* 16, *sub-sec.* 5, *p.* 353, *Rev. Stat.* there shall be no fee bill made out by any officer, are services which relate to the public interests, or business of the county or state, as contradistinguished from those relating to private or individual interests.

Case 49.

AGREED CASE.
FEES.

GILBERT
vs.
JUSTICES OF
MARSHALL CO'Y

2. The act of 1854, (*sess. acts, p.* 88,) does not repeal *sub sec.* 5, *of sec.* 1, *of art.* 16, *Rev. Stat. p.* 354; but the provision that the clerk of the county court shall receive "for each order in the county court 25 cents, and for each copy thereof 20 cents," means that he shall receive these fees for every order and copy for which, by law, he has a right to charge.

CASE STATED·

At the court of claims in October, 1856, of the Marshall county court, the clerk of said court presented a fee bill for his services as clerk, in making and copying public orders in the county court, and demanded that the same be allowed and paid, which was refused by the court. Whereupon an agreed case was made and entered of record, to submit the facts to the judge of the circuit court, with the right of appeal to this court by either party.

The facts were accordingly submitted as required by law, (*sec.* 705, *Civil Code,*) and a decision rendered at the November term, 1856, of the Marshall circuit court, to the effect that the clerk was not entitled to charge any fees for orders, or copies of orders, relating to public business.

*J. C. Gilbert,* for appellant—

1. It is insisted that the act of 1854, (*sess. acts,* 88,) was passed expressly to allow to clerks fees for public services rendered the county, and such as they could not charge for under the law as it stood in the Revised Statutes. In many counties the business of this public character was so large as to amount to a positive burthen upon the clerks, and we think the legislature intended to remedy this evil by the act of 1854, *supra. Sub-sec.* 5, *sec.* 1 *art.* 16, *page* 353, *Rev. Stat.* it is contended, is repealed by the act *supra,* so that clerks may charge for orders and copies of orders of a public character, such as those claimed in this instance.

*P. Palmer,* on the same side—

1. *Rev. Stat. page* 209, provides that at the time when the county court imposes the county levy, the claims, &c., legally chargeable against the coun-

ty shall be stated in the order book of said court, &c.

2. Is the county legally chargeable with the fees embraced in the fee bills of the clerk in this case? It is contended that by the provisions of the act of March, 1854, (*sess. acts, page* 88,) the county is chargeable with the fee "*for each order in the county court,*" and "*for each copy thereof,*" the sums specified. The provision is imperative and unqualified.

3. It is insisted that the services for which fees are claimed in this instance are not *ex officio,* according to the meaning of the term, used either technically or in common parlance. (*Dalt.* 270; *Bouvier's Law Dic. p.* 489.)

4. The *Rev. Stat. art.* 16, *sec.* 1, *sub-sec.* 5, *page* 353, upon the subject of "*ex officio*" services, are repealed by the act of 1854, *supra.*

*L. T. Barnett,* for appellee—

The provision of the *Rev. Stat. art.* 16, *sec.* 1, *sub-sec.* 5, *p.* 353, in relation to the prohibition against charges for *ex officio* services, is not repealed by the act of March, 1854. (*Sess. acts, page* 88.) The intent and meaning of the latter act is, that the clerk shall be allowed the sums *there* named for all *orders* and *copies of orders* in county court, instead of the sums previously allowed by the Revised Statutes, and only for *such* order and copies as he was entitled to charge for by law.

The meaning of the term "*ex officio*" service, as used in the Revised Statutes, *supra,* is synonymous with that of *public* service, as not being for the benefit of an individual, but the county.

Judge DUVALL delivered the opinion of the court.

By the Revised Statutes, (*art. XVI, sub-section* 5, *p.* 353,) it is provided that no fee bill shall be made out, or compensation allowed hereafter, for any *ex-officio* services rendered or to be rendered by any officer.

GILBERT
*vs.*
JUSTICES OF
MARSHALL CO'Y

Oct. 13, 1857.

GILBERT
*vs.*
JUSTICES OF
MARSHALL CO'Y

1. The *"ex officio* services," for which it is provided by *art.* 16, *sub sec.* 5, *p.* 353, *Rev. Stat.* there shall be no fee bill made out by any officer, are services which relate to the public interests, or business of the county or state, as contradistinguished from those relating to private or individual interests.

There can be no difficulty in determining what *services* were intended to be embraced within the meaning of the expression *"ex-officio* services," as used in this statute. They are services which relate to the public interests, or business of the county or state, as contradistinguished from those relating to the private interests of individuals. What other meaning is to be ascribed to it? What class of services did the legislature intend to prohibit the making out of fee bills for? By the act of 1828 clerks of county courts were entitled, "for their *ex-officio* and *public* services, to-wit: for entering and copying orders for viewing and opening roads," &c., &c., to a sum not exceeding forty dollars. It is perfectly obvious that the phrase *ex-officio*, and the word *"public,"* are here used synonomously, and apply to the same thing precisely. And by the act of 1851 it is provided that "all laws authorizing allowance for *ex-officio services*, to clerks of courts and sheriffs, are repealed." No one doubts, we suppose, that the services here referred to are those designated in the act of 1828 as *"ex-officio, or public services,"* and for which an allowance of $40 per year was made. Yet, according to the argument of the appellant, he would have had a right to claim his allowance for *public* services, notwithstanding the act of 1851, which only cut off his allowance for *ex-officio* services.

The section of the Revised Statutes referred to is but a re-enactment of the statute of 1851, and was intended to deny compensation to any officer for services connected with the public interests and business of the state or county.

Is this section repealed by the subsequent act of 1854? We think not. The object of the latter act was simply to regulate the fees of clerks of the county and circuit courts, so as to increase their compensation to some extent for certain descriptions of service. Certainly, if the legislature had intended to make so radical a change as would have been in-

2. The act of 1854, (*sess. acts,* p. 88,) does not repeal *sub sec.* 5, *of sec.* 1, *of art.* 16, *Rev. Stat. p.* 353; but the provision that the clerk of the

volved in the repeal of this prohibitory section, such intention would have been manifested in some more unequivocal and effectual form than the mere provision that the clerk shall receive "for each order in the county court, 25 cents;" the only meaning of which is that that shall be his fee for every order for which, by law, he has a right to charge a fee. The construction of the act contended for, is strained and unreasonable.

The judgment is affirmed.